**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DEBORAH MICHELLE BRANHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:08-cv-0700** |
| | ) | **Judge Sharp** |
| **v.** | ) | **Magistrate Judge Knowles** |
| | ) | |
| **GANNETT SATELLITE** | ) | |
| **INFORMATION NETWORK, INC.** | ) | |
| **d/b/a THE DICKSON HERALD** | ) | |
| **GROUP, A PRODUCT OF THE** | ) | |
| **TENNESSEAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

Pending before this Court is a Renewed Motion for Summary Judgment filed by Gannett

Satellite Information Network, Inc. ("Defendant"), on October 4, 2011 (Docket Entry No. 118).

Deborah Branham ("Plaintiff") filed a response in opposition to the Motion (Docket Entry No.

132), to which Defendant filed a reply (Docket Entry No. 138).  For the reasons stated herein,

Defendant's motion for summary judgment shall be denied.

On July 18, 2008, Plaintiff brought suit under the Family Medical Leave Act ("FMLA")

after being terminated from her job as a receptionist for *The Dickson Herald. The Dickson*

*Herald* is a community newspaper owned by Defendant.  Plaintiff alleges that Defendant

violated the FMLA by interfering with her use of FMLA leave and by terminating her in

retaliation for seeking FMLA leave.  Defendant's initial Motion for Summary Judgment, filed on

July 6, 2009, was granted by Chief Judge Campbell and Plaintiff filed a timely appeal.  On

September 2, 2010, the Sixth Circuit reversed and remanded the District Court's prior ruling,

finding that Defendant never triggered Plaintiff's duty to provide a medical certification and a

jury question existed regarding whether Plaintiff suffered from a serious health condition necessitating Plaintiff's absences in November of 2006. Since the Sixth Circuit issued its Opinion, nurse practitioner Cheryl Seefeldt's ("Seefeldt's") deposition has been taken and accordingly, Defendant filed this Renewed Motion for Summary Judgment.

## FACTUAL BACKGROUND

Construed in Plaintiff's favor, the relevant facts are as follows:[1]

Plaintiff was employed by Defendant as a receptionist for *The Dickson Herald* from July 26, 2005, until her termination on November 24, 2006, for failure to follow the company attendance policy. Plaintiff's absences from work began on November 7, 2006, when she contacted her supervisor, Ms. Tracey Buhler, and told her that Plaintiff would not be in because her son was ill. The following day, Plaintiff contacted Ms. Buhler via e-mail to inform her that her son was still sick and that she would return to work on Thursday, November 9, 2006. On Thursday morning, Plaintiff left a voicemail for her supervisor stating that she was sick and would not be coming to work. The following day, Plaintiff left another voicemail for her supervisor stating that she was still sick due, in part, to migraine headaches, and would be absent from work.

On Monday, November 13, 2006, Plaintiff's husband contacted Defendant and advised them that he was taking Plaintiff to the doctor. That day, Plaintiff visited the office of Dr. Pamela Singer at a walk-in clinic, because her primary care physician, Dr. Koster Peters, was unavailable. After Plaintiff's visit with Dr. Singer, Plaintiff contacted her supervisor, Ms. Buhler, and informed her that she had seen Dr. Singer because her primary care physician was

---

[1] Unless otherwise noted, the facts are drawn from Defendant's statement of material facts and Plaintiff's response (Docket Entry Nos. 119 & 133). Although facts are drawn from submissions made by both parties, on a motion for summary judgment, all inferences are drawn in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

unavailable. According to Plaintiff, she informed Ms. Buhler that Dr. Singer diagnosed her with migraines and rebound headaches. Plaintiff continued by telling Ms. Buhler that even though Dr. Singer gave her a doctor's note to return to work the next day, November 14, 2006, she was not feeling well and had several doctors' appointments scheduled. Nonetheless, Plaintiff came into the office during the evening of November 14, 2006, to complete some reports and worked from home on November 15 and 16, 2006. Plaintiff worked in the office on Friday, November 17, 2006. The following Monday Plaintiff did not report to work.

On November 28, 2006, Plaintiff was examined by Seefeldt who diagnosed Plaintiff with, among other things, anxiety, depression and insomnia. Moreover, Seefeldt noted a timeframe of one and one half months as the "probable duration of [Plaintiff's] reduced schedule", Plaintiff's need for "greater than 5" subsequent physician visits, and January 1, 2007, as the "expected date when [Plaintiff] will recover sufficiently to perform full duty…or any other work".

General Manager Buddy Hargett sent Plaintiff a termination letter dated November 24, 2006, which Plaintiff did not receive until either November 29 or 30, 2006. However, Plaintiff had been informed of her termination on November 28, 2006 when Ms. Cheatham called Plaintiff on the phone to notify her of the termination.

## STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of

Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

To prevail on either her interference or retaliation claim, Plaintiff must demonstrate that she sought leave for an FMLA-qualifying reason, specifically, that she had a "serious health condition." 29 U.S.C. § 2612 (a)(1)(D). Under the FMLA, a "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). "Continuing treatment by a health

care provider" includes a period of incapacity of more than three days, and any subsequent treatment or period of incapacity relating to the same condition that also involves either "(A) [t]reatment two or more times by a health care provider … or (B) [t]reatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider." See 29 C.F.R. § 825.114(a)(2)(i) (2006) (amended 2009).

When read in its entirety, Seefeldt's May 17, 2011, deposition testimony is sufficient to raise a genuine issue of material fact on the incapacity element of the "continuing treatment" requirement. While the exact time period covered by Seefeldt's medical certification is unclear, what is clear from her testimony is Seefeldt's uncertainty regarding whether she meant for the period of incapacity to apply retrospectively. In remanding this case for trial, (*see Branham v. Gannett Satellite Info. Net.*, 619 F.3d 563 (6th Cir. 2010)), the Sixth Circuit held that Plaintiff has presented sufficient evidence to raise a material question of fact as to whether she suffered from a "serious health condition" that entitled her to take leave under FMLA. The Sixth Circuit stated that,

> Branham has produced sufficient evidence to create a genuine issue of material fact about her entitlement to FMLA leave, and Gannett was not permitted to deny her leave based on the certification requirement when it never properly requested certification or informed her of the consequences of failing to provide the same, as required by Department of Labor regulations.

*Branham v. Gannett Satellite Info. Net.*, 619 F.3d 563, 574 (6th Cir. 2010). Based upon a reading of Seefeldt's deposition in its entirety, the Court finds a genuine issue of material fact for trial still exists.

## CONCLUSION

Based upon the foregoing, the Court will enter an Order denying Defendant's Renewed Motion for Summary Judgment (Docket Entry No. 118).

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE